**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JONATHAN CUNEY,

                                                    **Plaintiff,**                    1:22-cv-00154 (BKS/CFH)

v.

**YOUNG CHOI,**

                                                    **Defendant.**

_____

**Appearances:**

_Plaintiff Pro Se:_
Jonathan Cuney
71306-054
Lewisburg U.S. Penitentiary
P.O. Box 2000
Lewisburg, PA 17837

_For Defendant:_
Carla B. Freedman
United States Attorney
C. Harris Dague
Assistant United States Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

        Plaintiff _pro se_ Jonathan Cuney, a federally incarcerated inmate, commenced this action

pursuant to _Bivens v. Six Unknown Fed. Narcotics Agents ("Bivens")_, 403 U.S. 388 (1971), and

the Wire and Electronic Communications Interception and Interception of Oral Communications

Act, 18 U.S.C. §§ 2510-22 (the "Wiretap Act") against Defendant Young Choi, a Special Agent

of the Bureau of Alcohol, Tobacco, Firearms and Explosives. (Dkt. No. 40). Plaintiff alleges that Defendant exceeded the scope of search warrants during searches of Plaintiff's electronic communications and electronic devices, in violation of the Fourth Amendment, and that Defendant's subsequent disclosure of information obtained during the searches violated the Wiretap Act. (*Id.*). Presently before the Court is Defendant's motion to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 42). The parties have filed responsive papers. (Dkt. Nos. 46, 47, 48). For the reasons that follow, Defendant's motion to dismiss is granted.

## II.   MATERIALS OUTSIDE THE COMPLAINT

Because Defendant has submitted exhibits in support of his motions to dismiss, (Dkt. Nos. 42-3, 42-4), before setting forth the facts, the Court must determine which exhibits, if any, it may consider in deciding his motion. "Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* (citations omitted). A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted)). Even where a document is deemed "'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Id.* at 231 (quoting *DiFolco*, 622 F.3d at 111). "It must also be clear that there exist no material

disputed issues of fact regarding the relevance of the document." *Id.* (quoting *Faulkner*, 463 F.3d at 134). "This principle is driven by a concern that a plaintiff may lack notice that the material will be considered to resolve factual matters." *Id.* (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). Thus, "if material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id.* (quoting Fed. R. Civ. P. 12(d)).

Defendant's Exhibit 1 includes the motion to suppress the November 2019 searches that Plaintiff filed in *United States v. Cuney*, No. 19-cr-420 (FJS) (N.D.N.Y.), (Dkt. No. 42-3, at 2-88). The motion to suppress addresses four search warrants including a search warrant for sixteen electronic devices, "which included seven (7) cell phones, two (2) Blackberry devices, a laptop, a flash drive, a thumb drive, a digital camera, an SD card, a drone, and a satellite messenger," (*id.* at 10, 36-37, 53-54, 70-71, 85-87). Plaintiff's amended complaint neither relies on nor references his motion to suppress. (*See generally* Dkt. No. 40). Although Plaintiff does reference "autumn warrants" in his amended complaint, (Dkt. No. 40, ¶ 6), Plaintiff disputes that the warrants submitted by Defendant are the warrants at issue in his amended complaint, (Dkt. No. 48).[1] Further, Plaintiff argues that the Court should not consider the extraneous materials submitted by Defendant, (Dkt. No. 46, at 1), and asserts that Defendant has submitted "irrelevant warrants for old cell phones and computers located AFTER these disclosures were made," (Dkt.

---

[1] Plaintiff's submission in response to Defendant's Response constitutes a surreply. Although a party generally needs the Court's permission before filing a surreply, *see* Local Rule 7.1(b), "in light of Plaintiff's *pro se* status, the Court will accept this filing and consider it to the extent that it is relevant," *Topolski v. Cottrell*, No. 11-cv-1216, 2012 WL 3264927, at *1 n.1, 2012 U.S. Dist. LEXIS 112018, at *1-2, n.1 (N.D.N.Y. Aug. 9, 2012). Plaintiff is warned that future submissions must comply with the Court's Local Rules.

No. 48). The Court therefore will not consider Defendant's Exhibit 1 at this stage of the proceedings.

Defendant's Exhibit 2 includes the decision of United States District Court Judge Frederick J. Scullin denying Plaintiff's motion to suppress. (Dkt. No. 42-4, at 2-15). Plaintiff does not rely on the decision in the amended complaint. (*See generally* Dkt. No. 40). The Court may take judicial notice of that decision, "though [the] factual findings may not be taken as true for purposes of the motion to dismiss." *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp. 2d 50, 61 (E.D.N.Y. 2009) (citations omitted), *aff'd*, 370 F. App'x 253 (2d Cir. 2010); *see Colon v. Holdridge*, No. 13-cv-1546, 2015 WL 1730240, at *4, 2015 U.S. Dist. LEXIS 48528 (N.D.N.Y. Apr. 14, 2015). While the Court could take judicial notice of the decision, in light of Plaintiff's assertion that the warrants at issue in the decision are irrelevant, the Court will not consider the decision at this time.

## III.    FACTS[2]

Plaintiff was arrested in November 2019 for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). (Dkt. No. 40, ¶ 5). Before Plaintiff's arrest and during the investigation, Defendant, a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives, "executed multiple search warrants to investigate [Plaintiff's] alleged firearms trafficking offenses." (*Id.* ¶¶ 6, 19 (referring to the "multiple search warrants as the 'autumn warrants'")). The search warrants authorized the search of Plaintiff's "electronic communications and electronic devices, ostensibly to discover any evidence of federal firearms offenses." (*Id.* ¶ 20). Plaintiff alleges that Defendant exceeded the scope of the search warrants

---

[2] The facts are drawn from the amended complaint. (Dkt. No. 40). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

by "gathering [] personal relationship information beyond the scope of the warrants." (*Id.* ¶ 25). Specifically, Plaintiff alleges that Defendant "obtained, compiled, searched, and intercepted multiple electronic communications between the [P]laintiff and several of his girlfriends which had no nexus to the scope of the warrants. . . ." (*Id.* ¶ 7). These communications "were of a personal and private nature and centered on the details of [P]laintiff[']s personal life, private sexual life, and private family situations." (*Id.* ¶ 8).

Subsequently, Defendant disclosed this personal information he obtained during the search "as a means to extort compliance and threaten and besmirch [] [P]laintiff and his girlfriends." (*Id.* ¶¶ 9, 17, 28). In November 2019, Defendant informed the mother of Plaintiff's children "that [he] was cheating on her with multiple women and had gotten one of these women pregnant." (*Id.* ¶¶ 10, 11). Defendant did so in the presence of Plaintiff's father, two children, and niece. (*Id.* ¶¶ 30, 31). Between November 2019 and February 2020, Defendant made similar disclosures to three of Plaintiff's other girlfriends and one of their fathers. (*Id.* ¶¶ 10, 13, 15, 16, 17).

## IV.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 153 (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court must accept as true all factual allegations in the

complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). A *pro se* plaintiff's complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## V. DISCUSSION

### A. *Bivens* Cause of Action

Defendant argues that Plaintiff's claim—that Defendant "exceeded the limited scope of [] search warrants and intercepted and compiled personal information [about] the [P]laintiff,"—fails to state a cause of action under *Bivens*. (Dkt. No. 40, ¶¶ 21, 24). Defendant asserts that "a search 'beyond the scope' of warrants and then the dissemination of information obtained during an investigation," is inapposite to the "unreasonable search and seizure" in *Bivens*. (Dkt. No. 42-1, at 15).

Whether a claim presents a *Bivens* cause of action "is 'antecedent' to the other questions presented." *Hernández v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014)). In *Bivens*, the Supreme Court held "that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernández v. Mesa*, 140 S. Ct. 735, 741 (2020) (citing 403 U.S. at 389). The plaintiff in *Bivens* alleged that he was subject to a warrantless search and arrest in his home. *Id.* "In the [51] years since *Bivens*, the Supreme Court has extended it twice only: in the context of an employment discrimination claim in violation of the Due Process Clause . . . and in the context of an Eighth Amendment violation

by prison officials." *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (citing *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). Extending *Bivens* beyond the recognized causes of action is "a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017) (quoting *Iqbal*, 556 U.S. at 675).

In determining whether to extend a *Bivens* remedy, a Court must undertake a "two[-]step[]" inquiry. *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (citing *Hernández*, 140 S. Ct. at 742-43). First, the question is "whether the case presents 'a new *Bivens* context,'" which asks if it is "'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* at 1803 (alteration in original) (quoting *Abbasi*, 137 U.S. at 1859-60). Meaningful differences may include "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Abbasi*, 137 U.S. at 1860. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernández*, 140 S. Ct. at 743 (citations omitted).

"Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1803 (quoting *Abbasi*, 137 U.S. at 1858). The Supreme Court has not defined which "special factors counsel[] hesitation[;]" however, "the necessary inference . . . is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or

instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857-58. In deciding whether to impose a *Bivens* remedy, the "watchword is caution." *Hernández*, 140 S. Ct. at 742. "[E]ven a single sound reason to defer to Congress" is sufficient to require judicial restraint. *Egbert*, 142 S. Ct. at 1803 (quoting *Nestlé U.S.A., Inc. v. Doe*, 141 S. Ct. 1931, 1937 (2021) (plurality opinion)).

Here, Plaintiff alleges that Defendant exceeded the scope of search warrants in connection with a search of electronic communications and electronic devices. (Dkt. No. 40, at ¶¶ 19-24). In his opposition to this motion, Plaintiff argues that what he "is actually alleging is that the seizure of his communications, emails, text messages, etc[.] centering around his personal family and romantic life . . . was encountered during the execution of a warrant that ha[d] been issued for [a] wholly separate and, in fact, disparate[] basis," resulting in an "unreasonable search [and] seizure." (Dkt. No. 46, at 3). Although *Bivens* approved a remedy for a Fourth Amendment violation, the present claim's context meaningfully differs from the claim in *Bivens*. Other courts have found that "a claim based on unlawful electronic surveillance presents wildly different facts and a vastly different statutory framework from [the] warrantless search and arrest [in *Bivens*]." *Attkisson v. Holder*, 925 F.3d 606, 621 (4th Cir. 2019); *see also Page v. Comey*, No. 20-cv-3460, 2022 WL 3981135, at *18, 2022 U.S. Dist. LEXIS 158410, at *53 (D.D.C. Sept. 1, 2022) (declining to extend a *Bivens* remedy to a plaintiff's Fourth Amendment electronic surveillance claim because the claims were meaningfully different in light of the "vastly different statutory framework"). Similarly, here, Plaintiff's claim that Defendant exceeded the scope of warrants authorizing the search of electronic data is

meaningfully different from the warrantless search and arrest in *Bivens*, and presents a new context.[3]

Further, an extension of *Bivens* is unavailable because special factors counsel the Court's hesitation. *See Egbert*, 142 S. Ct. at 1803 (quoting *Abbasi*, 137 U.S. at 1858). In particular, "Congress has comprehensively legislated in the electronic surveillance space 'without authorizing damages for a Fourth Amendment violation.'" *Page*, 2022 WL 3981135, at *18, 2022 U.S. Dist. LEXIS 158410, at *54 (citing *Attkisson*, 925 F.3d at 621); *see Abbasi*, 137 S. Ct. at 1858 (noting that a special factor counselling hesitation may arise where "Congress has designed its regulatory authority in a guarded way" (citations omitted)). Such legislation "has created several private causes of action[] under various statutes governing the surveillance and the integrity of personal computing devices, including the [Stored Communications Act], [Foreign Intelligence Surveillance Act], and [Computer Fraud and Abuse Act]." *Attkisson*, 925 F.3d at 621; *see also Bulger v. Hurwitz*, No. 20-cv-00206, 2022 WL 340594, at *8, 2022 U.S. Dist. LEXIS 21833, at *24 (N.D.W. Va. Jan. 12, 2022) (finding that a comprehensive "legislative backdrop is more than enough to raise doubts about whether Congress would welcome a judicially created damages remedy"). That legislation "suggests that Congress's 'failure to provide a damages remedy' for Fourth Amendment violations in similar factual circumstances is 'more than inadvertent,' and strongly counsels hesitation before creating such a remedy ourselves." *Attkisson*, 925 F.3d at 621 (citing *Abbasi*, 137 S. Ct. at 1862).[4]

---

[3] The Court notes that Defendant argues that there is not even clearly established law regarding the scope of permissible review of personal, unrelated information during the execution of a search warrant for electronic records, asserting "that a cursory review of non-pertinent documents and information is often reasonable—if not required." (Dkt. No. 42-1, at 25-26) (citing *United States. v. Riley*, 906 F.2d 841, 845 (2d Cir. 1990); *United States v. Ganias*, 824 F.3d 199, 211 (2d Cir. 2016)). While Defendant raises this issue in support of a qualified immunity defense, this argument further highlights the dissimilarity between this case and the warrantless search in *Bivens*.

[4] Any distinction between whether the seized data was accessed while stored or intercepted in real-time does not alter the analysis because Congress has extensively legislated in this area. *See Abbasi*, 137 S. Ct. at 1858, 1862.

In light of the meaningful difference between the searches here and the search in *Bivens*, and the special factors counselling hesitation, Plaintiff has not plausibly stated a *Bivens* claim. Accordingly, Defendant's motion to dismiss Plaintiff's *Bivens* claim for failure to state a claim is granted.[5]

### B.      The Wiretap Act Cause of Action

Further, Plaintiff alleges that Defendant violated the Wiretap Act, 18 U.S.C. § 2510 et. seq., by repeatedly "disseminat[ing] [Plaintiff's] personal relationship information obtained during the execution of the autumn warrants." (Dkt. No. 40, ¶¶ 28, 31, 34, 36, 37). Defendant argues that Plaintiff's second cause of action should be dismissed because "Plaintiff's allegations do not involve the interception of data in real time," and thus do not present a plausible claim under the Wiretap Act. (Dkt. No. 42-1, at 21).

"[I]ntercept" in the Wiretap Act "means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). "The term 'intercept' is construed narrowly 'to require that the interception of an electronic communication be contemporaneous with the transmission of that communication.'" *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 446 (S.D.N.Y. 2019) (citing *Tantaros v. Fox News Network LLC*, No. 17-cv-2958, 2018 WL 2731268, at *7, 2018 U.S. Dist. LEXIS 85102, at *16 (S.D.N.Y. May 18, 2018)); *see Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 503 n.1 (2d Cir. 2005) (noting that the "*continued receipt*

---

[5] In light of this ruling the Court declines to reach the issue of whether the Federal Tort Claims Act is a sufficient alternative remedy to preclude *Bivens* relief, and need not consider Defendant's argument that he is entitled to qualified immunity. (Dkt. No. 42-1, at 19, 23).

of e-mail messages" that are acquired as a computer receives them constitutes interception,

unlike "the acquisition of *previously stored* electronic communication" (emphasis in original)).[6]

Here, Plaintiff repeatedly refers to the warrants at issue as "search warrants." (Dkt. No.

40, ¶¶ 6, 19, 20). Plaintiff describes the warrants as having authorized "the search of [his]

electronic communications and electronic devices." (*Id.* ¶ 20). Plaintiff claims that Defendant

"exceeded the limited scope of" the search warrants. (*Id.* ¶ 21). Searches of communications

stored on Plaintiff's electronic devices do not fall within the Wiretap Act. *Democratic Nat'l*

*Comm.*, 392 F. Supp. 3d at 446; *Hall*, 396 F.3d at 503 n.1. Although Plaintiff alleges that during

the execution of the search warrants Defendant "obtained, compiled, searched, and *intercepted*

multiple electronic communications" between Plaintiff and his girlfriends, the mere use of that

term in one allegation is insufficient to plausibly allege that there was real-time interception of

communications within the meaning of the Wiretap Act. (Dkt. No. 40, ¶ 7 (emphasis added)); *see*

*Mayor & City Council of Balt.*, 709 F.3d at 135 (noting that plausibility standard applies only to

factual allegations, not "legal conclusions couched as factual allegations" (citation omitted)).

Thus, Plaintiff has not plausibly stated a claim under the Wiretap Act.

Accordingly, Defendant's motion to dismiss Plaintiff's claim under the Wiretap Act for

failure to state a claim is granted.[7]

---

[6] Every Circuit to consider this issue has found that interception must occur during transmission. *Boudreau v. Lussier*, 901 F.3d 65, 78 (1st Cir. 2018); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3rd Cir. 2003); *Steve Jackson Games, Inc. v. Secret Serv.*, 36 F.3d 457, 461-62 (5th Cir. 1994); *Luis v. Zang*, 833 F.3d 619 (6th Cir. 2016); *Epstein v. Epstein*, 843 F.3d 1147, 1149 (7th Cir. 2016); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002); *United States v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003).

[7] The Wiretap Claim does not, as Plaintiff argues, survive because *he does not know* if the information was obtained via real-time interceptions. (Dkt. No. 48). A complaint must provide facts to state a claim that is plausible on its face. *See Mayor & City Council of Balt.*, 709 F.3d at 135. Plaintiff has not asserted that there was any failure to provide discovery in his criminal prosecution and, in light of the government's discovery obligations under the Federal Rules of Criminal Procedure, there is no plausible reason to believe that there were undisclosed interceptions under the Wiretap Act. *See* Fed. R. Crim. P. 16(a).

## VI.   LEAVE TO AMEND

Plaintiff asserts that even if there was no real-time interception of communications Defendant could still be liable under the Stored Wire and Electronic Communications Act, 18 U.S.C. § 2701, et. seq., and states that he will seek leave to amend before the close of discovery. (Dkt. No. 46, at 6). Defendant argues that any such amendment would be futile because that Act is inapplicable under these circumstances. (Dkt. No. 47, at 3). However, this issue has not been briefed by either party. In light of Plaintiff's request and his pro se status, the Court will allow Plaintiff an opportunity to file a second amended complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also* Fed. R. Civ. P. 15(a)(1) ("The court should freely give leave when justice so requires."). Plaintiff is advised that a second amended complaint will completely replace the amended complaint in this action, and render the amended complaint "of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Any amended complaint must be filed within thirty (30) days of this Order.

## VII.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 42) is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 40) is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to file a Second Amended Complaint within thirty (30) days of the date of this Order; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>November 7, 2022</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge